UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD KITCHEN,

Plaintiff,

v.

Case No. 26-cv-12113
HON. MARK A. GOLDSMITH

STEFFENI STRAUB, et al.,

Defendants.
______________________________/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE (Dkt. 1)**

Plaintiff James Edward Kitchen incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Kitchen alleges he suffers from a number of health problems. He has been issued a walker and other special accommodations because of his physical disabilities. Kitchen has asked the various defendants to release him on what he terms a "medically fragile parole." He claims the defendants have denied his request to be released on medical parole. Kitchen seeks monetary damages.

## II. ANALYSIS

Kitchen has been allowed to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. McGore, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must show that: (i) the defendant acted under color of state law; and (ii) the offending conduct deprived the plaintiff of rights secured by federal law. Bloch v. Ribar, 156 F. 3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Kitchen's complaint is subject to dismissal for several reasons. Kitchen seeks to be released on parole because of his medical conditions. Mich. Comp. Laws § 791.235(10) indicates

that: "Except for a prisoner who was convicted of any crime that is punishable by a term of life imprisonment without parole or of a violation of ...MCL 750.520b, the parole board may grant a medical parole for a prisoner determined to be medically frail.").

Kitchen is ineligible under Michigan law to receive a medical parole because he was convicted of four counts of first-degree criminal sexual conduct, in violation of Mich. Comp. Laws 750.520b(1)(A). See Kitchen v. Bauman, 629 F. App'x 743, 745 (6th Cir. 2015). Kitchen is not entitled to be released on parole for being medically frail.

In addition, § 1983 is not the proper vehicle for Kitchen to seek release on medical parole. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. Nelson v. Campbell, 541 U.S. 637, 643 (2004). Moreover, to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, as Kitchen seeks here, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or otherwise vacated by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486–487 (1994).

Under Heck, a petition for a writ of habeas corpus, and not a civil rights complaint brought under § 1983, is the exclusive remedy for Kitchen to challenge the denial of his medical parole because the grant of relief in this case would necessarily imply the invalidity of his current sentence. See Kitchen v. Whitmer, 106 F.4th 525, 541–544 (6th Cir. 2024) (Under Heck, a writ of habeas corpus, and not § 1983, was exclusive remedy for Michigan prisoner's claim that statute

requiring him to serve minimum term of indeterminate sentence of 42 to 60 years before being eligible for parole consideration violated Eighth Amendment prohibition against cruel and unusual punishment as applied to prisoner who was juvenile at time of crimes and who would not be eligible for parole until he was nearly 58 years old, where grant of relief on prisoner's claim would necessarily imply invalidity of sentence); see also Hester v. S. Health Partners, No. 1:22-CV-P80, 2022 WL 3582184, at *3 (W.D. Ky. Aug. 19, 2022) ("As to Plaintiff's request for medical parole, this relief is not available in a § 1983 action."); Morris v. Whitmer, No. 21-10404, 2021 WL 1339518, at *1 (E.D. Mich. Apr. 9, 2021) (Plaintiff's request for an order for Governor Whitmer or the Michigan Department of Corrections to release him from custody through a medical commutation, early parole, or any other means could not be maintained in a § 1983 complaint).

This Court declines to construe Kitchen's civil rights complaint as a habeas petition because he does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. See Parker v. Phillips, 27 F. App'x 491, 494 (6th Cir. 2001). In addition, Heck clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. See Murphy v. Martin, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). In fact, the Sixth Circuit in Kitchen v. Whitmer, after determining that the plaintiff should have brought his parole denial claim in a habeas action and not under § 1983, remanded the matter to the district court to dismiss the case, not to convert it to a habeas action. Kitchen v. Whitmer, 106 F.4th at 544.

Because the Court is dismissing Kitchen's civil rights claim pursuant to Heck v. Humphrey, the dismissal will be without prejudice. See Wheeler v. Dayton Police Dep't, 807 F.3d 764, 767

(6th Cir. 2015). Moreover, the complaint lacks any arguable basis in the law, thus, this Court certifies that any appeal by Kitchen would be frivolous and not undertaken in good faith. See Alexander v. Jackson, 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## III. CONCLUSION

Kitchen's complaint is dismissed without prejudice for failing to state a claim upon which relief can be granted. The Court certifies that any appeal could not be undertaken in good faith.

**SO ORDERED.**

Dated: August 4, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager